**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-60446
Summary Calendar

---

TOMAS JIMENEZ-AGUILAR.

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A41 632 923
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges

PER CURIAM:[*]

Petitioner Tomas Jimenez-Aguilar, a native and citizen of Mexico who was granted Legal Permanent Resident status in the United States in February 1988, challenges the decision of the Board of Immigration Appeals (BIA) finding that he is legally ineligible for relief under § 212(c) of the Immigration and Nationality Act (INA). On October 28, 1988, after a jury trial, Petitioner was convicted of indecency with a child and was sentenced to ten years imprisonment, which was suspended with the imposition of ten years probation. In 2004, Petitioner was served

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with a Notice to Appear that alleged removability based on Petitioner's conviction of a crime involving moral turpitude, pursuant to §212(a)(2)(A)(i)(I) of the INA. On July 8, 2004, after several hearings, the Immigration Judge (IJ) determined that Petitioner was eligible for waiver of the ground of admissibility under former INA § 212(c) and granted relief.[1] On appeal, the BIA held that, pursuant to 8 C.F.R. §§ 1003.44(b)(2) and 1212.3(h)(2004), which were amended and revised after the IJ's decision, Petitioner is ineligible for § 212(c) relief.

The Court reviews questions of law *de novo*. *Silwany-Rodriguez v. INA*, 975 F.2d 1157, 1160 (5th Cir. 1992). However, this review "'is limited,' and the Court 'accord[s] deference to the [BIA]'s interpretation of immigration statutes unless there are compelling indications that the [BIA]'s interpretation is wrong.'" *Id.*, *citing Campos-Guardado v. INS*, 809 F.2d 285, 289 (5th Cir. 1987). "On review, an agency's construction of its own regulations is controlling unless it is plainly erroneous or inconsistent with the regulation." *Id., citing Udall v. Tallman*, 380 U.S. 1, 16-17 (1965).

8 C.F.R. 1212.3(h) clearly provides that an alien seeking § 212(c) relief must have pleaded guilty or *nolo contendere* to the crime for which they were convicted. In the instant case,

---

[1] On April 1, 1997, INA §212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, §304(b), 110 Stat. 3009-546, -597 (1996).

Petitioner did not plead guilty, but rather, was convicted after a jury trial.  Therefore, there are no compelling indications that the BIA was wrong to find that the regulations precluded § 212(c) relief for Petitioner.  Petitioner has not challenged the BIA's construction of the regulation, and the constitutionality of the regulation is not before the Court.  Thus, the Court will not reverse the BIA's decision to apply the relevant regulatory provisions to Petitioner's case.

The petition for review is DENIED.